IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARY CARMEN NAVARRETE, | § | |
| Reg. No. 45538-380, | § | |
|     Movant, | § | |
| | § | EP-16-CV-496-PRM |
| v. | § | EP-14-CR-2274-PRM-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Mary Carmen Navarrete's "Motion to Correct Sentence Pursuant to Federal Rule of Criminal Procedure Title 28 USC2241[sic] and 28 USCS 2255 . . . ." (ECF No. 71)[1] [hereinafter "Motion"], filed on December 1, 2016, wherein she seeks a sentence reduction. Movant was sentenced to fifty months' imprisonment after she pleaded guilty to possessing cocaine with the intent to distribute it. She now asks the Court to re-sentence

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-14-CR-2274-PRM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

her in accordance with Amendment 794 to the Sentencing Guidelines, based on her "minor role" in the offense.

Because it plainly appears from the Motion and the record that Movant is not entitled to relief, the Court will deny her Motion. The Court will additionally deny her a certificate of appealability.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 18, 2014, Movant drove a Dodge sedan into the United States from Mexico through the Tornillo/Guadalupe Port of Entry in Fabens, Texas.[2] During a secondary inspection, an x-ray examination of the vehicle disclosed anomalies in the rear quarter panels.[3] A narcotics detection dog also alerted to the presence of a controlled substance in the rear of the vehicle and under the clothing of the pregnant passenger accompanying Movant.[4] After Customs and Border Protection officers advised Movant of her rights, Movant stated that she had negotiated with individuals in Mexico to deliver five

---

[2] *See* Am. Plea Agreement (Factual Basis) 7, Feb. 11, 2015, ECF No. 33 (sealed) [hereinafter "Amended Plea Agreement"].

[3] *Id.*

[4] *Id.*

bundles of cocaine in El Paso, Texas, in exchange for $4,000.00.[5] The officers recovered five bundles of a white powdery substance from the vehicle and the passenger with a total weight of 5.7 kilograms, which field-tested positive for cocaine.[6]

A grand jury returned a multi-count indictment charging Movant and her passenger with various drug-trafficking offenses.[7] Movant subsequently entered into an Amended Plea Agreement with the Government.[8] Under its terms, Movant agreed to plead guilty to possessing with the intent to distribute cocaine.[9] She "also voluntarily and knowingly waive[d] the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to

---

[5] *Id.*

[6] *Id.* at 8.

[7] Indictment, Dec. 17, 2014, ECF No. 15.

[8] *See* Am. Plea Agreement 1–8.

[9] *Id.* at 1.

28 U.S.C. § 2255."[10] In exchange, the Government agreed to move to dismiss the remaining counts of the indictment.[11]

The probation officer who prepared the Presentence Investigation Report did not recommend a "minor role" downward adjustment to Movant's Offense Level.[12] Based upon a total Offense Level of 25 and a Criminal History Category of I, the probation officer calculated Movant's guideline imprisonment range at 57 months to 71 months.[13] Movant objected to the lack of a "minor role" adjustment.[14] She also moved for a sentencing variance.[15] The Court granted the variance,[16] and sentenced Movant below guidelines range to fifty months'

---

[10] *Id.* at 4.

[11] *Id.* at 1.

[12] Presentence Investigation Report 8–9, Apr. 14, 2015, ECF No. 50 (sealed) [hereinafter "PSR"].

[13] *Id.* at 15.

[14] Def.'s Obj. 1-2, Apr. 14, 2015, ECF No. 50-2 (sealed).

[15] Def.'s Mot. for Variance, Apr. 17, 2015, ECF No. 52.

[16] Order, Apr. 23, 2015, ECF No. 59.

imprisonment followed by three years' supervised release.[17] Movant did not appeal.

In her § 2255 Motion, Movant asks the Court to retroactively apply Amendment 794 to the Sentencing Guidelines, and to grant her a "minor role" downward adjustment to her sentence.

## II. LEGAL STANDARD

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"[18] Relief under § 2255 is warranted for errors that occurred at trial or at sentencing.[19] Before a court will grant relief pursuant to § 2255, the movant must establish that (1) her "sentence

---

[17] J., Apr. 23, 2015, ECF No. 61.

[18] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[19] *See Cox*, 911 F.2d at 1114 ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[20] Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence.[21] "If it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."[22]

## III. ANALYSIS

In her Motion, Movant requests that the Court "give retroactive application to Amendment 794."[23] She explains that the United States

---

[20] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[21] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[22] 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b) (2012); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[23] Mot. 4.

Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 through Amendment 794 to "address circuit conflict" in its application and to provide courts with additional guidance in determining whether they should grant "minor role" adjustments.[24] She argues that the Court should grant her a "minor role" adjustment and re-sentence her because she "was simply being paid to perform a certain task."[25]

The Court concludes that Movant is not entitled to § 2255 relief for four reasons. First, Amendment 794 is not retroactively applicable. Second, Movant's claims are time barred. Third, Movant waived her right to challenge her sentence in her Amended Plea Agreement. Finally, challenges to the technical application of the Sentencing Guidelines are not cognizable through a § 2255 motion.

### A.  Amendment 794 is Not Retroactively Applicable

Movant correctly notes the United States Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 through

---

[24] *Id.* at 2.

[25] *Id.* at 4.

Amendment 794 to address inconsistencies in its application and to provide district courts with additional guidance in determining whether they should grant "minor role" adjustments.[26] However, the Court sentenced Movant on April 23, 2015,[27] over six months before Amendment 794 became effective on November 1, 2015.[28] The Sentencing Guidelines list all amendments eligible for retroactive application.[29] If an amendment is not listed, a retroactive sentence reduction is not authorized.[30] The list does not include Amendment

---

[26] *Id.* at 2; *see* U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[27] J., Apr. 23, 2015, ECF No. 61.

[28] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[29] *Id.* § 1B1.10(d).

[30] *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("[18 U.S.C.] 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission . . . . The applicable policy statement is [Sentencing Guideline] § 1B1.10.") (citing *United States v. Drath*, 89 F.3d 216, 217–18 (5th Cir. 1996)).

794.[31] Thus, the Court declines to grant Movant relief via the retroactive application of Amendment 794.

B.  Movant's Motion is Time Barred

A federal prisoner must file a § 2255 motion within one year from the date on which (1) the judgment became final;[32] (2) the government-created impediment to filing the motion was removed;[33] (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion;[34] or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[35]

---

[31] See U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[32] 28 U.S.C. § 2255(f)(1) ("The limitation period shall run from . . . the date on which the judgment of conviction becomes final . . . .").

[33] See id. § 2255(f)(2) ("The limitation period shall run from . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.").

[34] See id. § 2255(f)(3) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final.[36]

A judgment becomes final when the applicable period for seeking direct review expires.[37] In this case, the Court entered its judgment on April 23, 2015; therefore, Movant's conviction became final on May 7, 2015—the last day on which she could have appealed to the Fifth Circuit Court of Appeals.[38] Accordingly, Movant's time period for filing

---

[35] *See id.* § 2255(f)(4) ("The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."); *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[36] *See Clay v. United States*, 537 U.S. 522, 524 (2003) ("A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'") (quoting § 2255(f)(1)).

[37] *Id.* at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[38] *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

a § 2255 motion expired on May 7, 2016. Movant filed her Motion on December 1, 2016, over six months beyond the deadline. *See* Mot. Consequently, her Motion is time barred, unless another provision of § 2255 or equitable tolling applies. The Court finds that none of the other § 2255 provisions are applicable in the instant cause.[39] Moreover, Movant has failed to demonstrate that she is entitled to equitable tolling because she "has been pursuing [her] rights diligently, and . . . that some extraordinary circumstance stood in [her] way" of timely filing her Motion.[40] Accordingly, the Court holds that Movant's Motion is time barred, and she is not entitled to equitable tolling.

---

[39] Namely, Movant has not demonstrated, or even alleged, that either (1) the Government created an impediment that prevented her from filing her Motion; (2) the Supreme Court has recently made the legal predicate for claim retroactively applicable to cases on collateral review; or (4) that she recently discovered the factual predicate for her Motion through the exercise of due diligence. *See generally* Mot.; see also § 2255(f)(2)–(4).

[40] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

### C. Movant Waived Her Right to Collaterally Challenge Her Sentence

Additionally, Movant "voluntarily and knowingly waive[d] the right to contest the sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. § 2255" in her Amended Plea agreement.[41] "[A]n informed and voluntary waiver of post-conviction relief is effective to bar such relief."[42] Here, Movant does not argue that the Amended Plea Agreement was not informed or that it was involuntary. Consequently, the Amended Plea Agreement is enforceable, and Movant is not entitled to challenge her sentence via a § 2255 motion.

### D. Technical Applications of the Guidelines Are Not Cognizable

Finally, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."[43] Thus, a district court's failure to apply the modified commentary to

---

[41] Am. Plea Agreement 4.

[42] *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[43] *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

Sentencing Guideline § 3B1.2 to determine whether to grant a "minor role" downward adjustment to a base Offense Level would not implicate a constitutional issue, and Movant is not entitled to habeas relief on this ground.

## IV. EVIDENTIARY HEARING

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[44] The record in this case is adequate to dispose fully and fairly of Movant's claims. The Court need inquire no further on collateral review, and an evidentiary hearing is not necessary.

## V. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of

---

[44] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

appealability."[45] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[46] In cases where a district court rejects a movant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[47] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[48] Here, Movant's Motion fails because she has not identified a transgression of her constitutional rights and reasonable jurists would not question the Court's procedural rulings.

---

[45] § 2253(c)(1)(B).

[46] *Id.* § 2253(c)(2).

[47] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[48] *Slack*, 529 U.S. at 484.

Accordingly, the Court finds that it should not grant Movant a certificate of appealability.[49]

## VI. CONCLUSION AND ORDERS

It plainly appears from Movant's Motion and the record of prior proceedings that she is not entitled to § 2255 relief. Thus, the Court concludes it should deny Movant's § 2255 Motion, and dismiss her civil cause without a hearing. The Court further concludes that Movant is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Movant's Motion under 28 U.S.C. § 2255 (ECF No. 71) is **DENIED**, and her civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

---

[49] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

IT IS FINALLY ORDERED that the District Clerk shall CLOSE this case.

SIGNED this 29 day of Deeember, 2016.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE